**444 LAFAYETTE, LLC,
et al., Relators,**

v.

**COUNTY OF RAMSEY, Respondent.**

**No. A11–1014.**

Supreme Court of Minnesota.

Jan. 25, 2012.

Thomas R. Wilhelmy, Jennifer A. Kitchak, Fredrikson & Byron, P.A., Minneapolis, MN, for relators.

John J. Choi, Ramsey County Attorney, M. Jean Stepan, Assistant County Attorney, Saint Paul, MN, for respondent.

**OPINION**

PER CURIAM.

Relators 444 Lafayette, LLC, and Meritex Enterprises, Inc., seek certiorari review of the Minnesota Tax Court's determination of the fair market value on the January 2, 2007; January 2, 2008; and January 2, 2009, assessment dates for an

office building located at 444 Lafayette Road in Saint Paul, Minnesota. At trial, the tax court heard expert testimony from relators' appraiser and Ramsey County's appraiser. After trial, the County submitted a post-trial brief that argued for higher property valuations than the market values assigned to the property by either appraiser. The court then adopted, verbatim, the County's proposed market valuations on the three assessment dates.

■ We are generally deferential to the tax court's property value determination and will not overturn the court's valuation determination unless it is clearly erroneous. *Cont'l Retail, LLC v. Cnty. of Hennepin*, 801 N.W.2d 395, 398–99 (Minn. 2011). "Because of the tax court's expertise and judgment, the court has discretion to decide whether to adopt either expert's appraisal, and if so, which expert's appraisal to adopt." *Berry & Co., Inc. v. Cnty. of Hennepin*, 806 N.W.2d 31, 33 (Minn.2011). But we have, under certain circumstances, been unwilling to defer to the tax court's decision. *See Eden Prairie Mall, LLC v. Cnty. of Hennepin*, 797 N.W.2d 186 (Minn. 2011).

In *Eden Prairie Mall*, we noted that the tax court's verbatim adoption of the market value determination presented in a post-trial brief "raises doubts over whether the tax court exercised its own skill and independent judgment." *Id.* at 195; *cf. Lundell v. Coop. Power Ass'n*, 707 N.W.2d 376, 380 n. 1 (Minn.2006) (stating that the district court's adoption of one party's proposed findings "does not allow the parties or a reviewing court to determine the extent to which the court's decision was independently made"). We also explained that when the tax court arrives at a property value determination that is lower or higher

than the appraisal testimony presented at trial, the court runs the risk of having its determination overturned unless the court adequately explains its reasoning. *Eden Prairie Mall*, 797 N.W.2d at 194. We concluded that when the tax court rejects the testimony of both appraisers, that court must "indicate one way or another the basis for its calculation[s]" and must provide "an adequate explanation and factual support in the record" for its conclusions. *Id.* at 196 n. 5.[1]

■ In this case, relators' appraiser testified that the subject property had a market value of $16,600,000 on January 2, 2007; $16,300,000 on January 2, 2008; and $13,800,000 on January 2, 2009. The County's appraiser concluded that the market value of the property was $23,900,000 for 2007; $25,000,000 for 2008; and $21,000,000 for 2009. In its post-trial brief the County argued for valuations higher than the testimony of either party's appraiser using assumptions and values that the County asserted were more "appropriate" or "reasonable" than the assumptions relied upon by the parties' appraisers. The tax court adopted, verbatim, the market values proposed by the County in its post-trial brief and determined the property's value to be $26,164,000 for 2007; $27,420,000 for 2008; and $22,094,000 for 2009. *444 Lafayette, LLC v. Cnty. of Ramsey*, 2011 WL 1364461, at *2 (Minn. T.C. Apr. 7, 2011).

The tax court also incorporated into its findings a nearly verbatim recitation of many of the County's post-trial arguments, including several typographical errors found in the County's post-trial brief. Further, although the court's reasoning included findings on individual valuation

1. The tax court issued its order in this case 5 weeks before we released our opinion in *Eden* *Prairie Mall.*

factors that fell outside the range of testimony presented by either of the parties' appraisers, the court failed to present an adequate explanation or identify factual support in the record for its conclusions on these factors. For example, the court provided no explanation, other than arguments raised by the County in its post-trial brief, for its decision to adopt estimated parking income values above the testimony of the appraisers.

The tax court's verbatim adoption of the County's proposed value determinations and nearly verbatim adoption of the County's arguments suggest that the court "failed to exercise its own skill and independent judgment" in valuing the subject property. *Eden Prairie Mall*, 797 N.W.2d at 192. Accordingly, we conclude that the court's findings and conclusions fail to meet the standard we articulated in *Eden Prairie Mall.*

Based on the foregoing analysis and conclusion, we reverse the tax court's decision valuing the subject property and remand this matter for further proceedings. On remand, the tax court may rely on the current record or, if the court concludes that it needs more information, the court may reopen the record in order to obtain additional evidence so it can make any additional factual findings necessary for the proper resolution of this case. If the tax court concludes that the market value of the subject property is lower or higher than the appraisal testimony, the court should "carefully explain its reasoning for rejecting the appraisal testimony and the grounds for adopting a lower or higher value, and adequately describe the factual support in the record for its determination." *Id.* at 194.

Reversed and remanded.